THE PEOPLE v. CINTRÓN.

APPEAL from the District Court of Ponce.

No. 95.—Decided November 11, 1907.

SEDUCTION—EVIDENCE—TESTIMONY OF COMPLAINANT.—In prosecutions for seduction the sole testimony of the complainant is sufficient upon which to base a conviction, it not being necessary that such testimony be corroborated by any evidence whatsoever.

ID.—NEW TRIAL—VERDICT CONTRARY TO THE EVIDENCE—NEWLY DISCOVERED EVIDENCE.—Where a motion is based on the ground that the verdict is not supported by the evidence and such evidence is not included in a statement of facts or bill of exceptions, it cannot be considered on appeal; and where newly discovered evidence is alleged as a ground for the motion and such evidence simply tends to attack the veracity of the witnesses for the prosecution, it is not a sufficient ground to warrant the granting of a new trial.

The facts are stated in the opinion.

*Mr. Boerman* for appellant.

*Mr. Rossy, fiscal,* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

This is an appeal from a sentence imposed upon the appellant by the District Court of Ponce. He was there sentenced to one year in the penitentiary and to the payment of the costs, the sentence being founded on an information charging him with having, under a promise of marriage, seduced Cruz del Valle, an unmarried woman of previous chaste character. The case was tried by jury.

Before the pronouncing of sentence the defendant in the court below filed a motion for a new trial on several grounds, the first being that the evidence of the prosecuting witness

was the sole testimony of the carnal intercourse and that such evidence was not sufficient by itself to convict the prisoner. No bill of exceptions or statement of facts has been presented to us and it is therefore impossible for us to verify the character of the testimony given. Moreover, in the case of *People of Porto Rico* v. *Salustiano Rodríguez,* decided June 29, 1906, this court held, following the general jurisprudence on that subject, that, in trials for seduction, the evidence of the prosecuting witness was sufficient for conviction.

Another ground alleged for the granting of a new trial was that the defendant had discovered new evidence which was not available to him at the trial. The alleged newly discovered evidence only attacked the credibility of the witnesses for the Government. This is not sufficient ground for a new trial. To this effect is the case of *People* v. *McCurdy,* reported in 68th California at page 576, and other authorities are set forth in the 16th Volume of the American and English Encyclopaedia of Law on page 572.

Furthermore, there is nothing before us to rebut the presumption that the court exercised a sound discretion in denying the motion. Finding no error in the record the judgment of the district court must be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justice MacLeary concurred.

Justices Hernández and Figueras did not take part in the decision of this case.